**This order is SIGNED.**

Dated: December 22, 2016

*William T. Thurman*

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| In re:<br><br>A.H. Coombs, LLC,<br><br><br>Debtor. | Bankruptcy Number: 16-25559<br><br>Chapter 11<br><br>Judge William T. Thurman |
|---|---|

**MEMORANDUM DECISION**

This matter before the Court is the Debtor's Motion to Shorten Time on Motion for an Order (A) Determining Cure Amount on GVS Claim Under 11 U.S.C. 1124(2); (B) Determining (or Disallowing) GVS's Claim Under 11 U.S.C 502(b); and (C) Setting an Evidentiary Hearing on These Matters Before the Confirmation Hearing (the "Motion to Shorten Time"). The Court conducted a hearing on the Debtor's Motion to Shorten Time on December 2, 2016. Geoffrey Chesnut appeared on behalf of the Debtor. Ken Cannon and Jim Park appeared on behalf of creditor GVS Holdings, who filed an objection to the Motion to Shorten Time. John Morgan

appeared from the United States Trustee's office. Brian Rothschild appeared on behalf of the proposed DIP Lender, Kirch & Todd Lending, LLC.

After review of the pleadings filed, and based upon the oral arguments made by the parties at the hearing, the Court issued its ruling from the bench, making its findings of fact and conclusions of law on the record. An order was entered on the date of the hearing. The Court expressly reserved the right to issue a written memorandum decision memorializing and supplementing that oral ruling without changing its judgment. In accordance with that ruling, the Court now issues the following Memorandum Decision, which constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014(c).

**Jurisdiction and Venue**

The jurisdiction of this Court is properly invoked under 28 U.S. C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and this Court may enter a final order. Venue is proper under the provisions of 28 U.S.C. §§ 1408 and 1409. Notice of the hearings is found to be adequate in all respects.

**Facts and Procedural History**

The Debtor filed a petition under chapter 11 on June 25, 2016 and filed its disclosure as a single asset real estate case on August 5, 2016. The Debtor owns real property in St. George, Utah, which it leases to CHC Development Co., Inc., ("CHC") a company with which it is closely affiliated, and which filed its bankruptcy petition on the same day with the Debtor. The Debtor has one main creditor, GVS Holdings, LLC, ("GVS") which holds a secured interest in

the Debtor's real property. Previously, in some instances, the Debtor and CHC have filed concurrent motions together before the Court. However, the current Motion is limited to the Debtor. No consolidation or joint administration has been ordered.

The Debtor has filed several motions along with a request that the Court shorten the time limits for the hearing on the motion, as follows:

1. The Debtor requested that the Court shorten time to hear its stipulated motion for conditional use of cash collateral. The Court granted the Debtor's motion, with GVS's consent, and heard the motion on three days notice.

2. The Debtor requested that the Court shorten time to hear its second motion for use of cash collateral. The Court granted the Debtor's motion, and conducted the preliminary hearing on seven days notice, as contemplated by Bankruptcy Rule 4001(b)(2).

3. When the second motion for use of cash collateral was denied, the Debtor filed an expedited motion for use of cash collateral and an expedited motion for a DIP loan, and requested that the Court expedite the hearing on both motions. The Court granted the Debtor's motions, and conducted the preliminary hearing on both motions on 11 days notice, as allowed by Bankruptcy Rule 4001(b)(2).

4. The Debtor requested that the Court shorten time to consider confirmation of its amended chapter 11 plan. The Debtor wanted its confirmation hearing to be scheduled 23 days after its plan was filed. Rule 2002(b) requires 28 days notice.

        GVS objected to shortening the notice period, and the Debtor has withdrawn the request for shortened time.

5.     The Debtor requested that the Court shorten time to hear its motion for an order on determining the cure amount of GVS's claim, and to determine or disallow GVS's claim. It requested a hearing 15 days after the motion was filed. GVS objected to shortening time. The Court conducted a hearing on the objection to shorten time, and sustained the objection.

By the Court's count, this Debtor has requested shortened time on six matters since this case commenced. Its main creditor, GVS, has cooperated with four requests to shorten time, but has objected to the final two requests for shortened time, arguing that the Debtor should comply with the time limits set for in the Bankruptcy Rules and should not seek expedited hearings as a matter of course. Further, GVS argues that the current motion is a disguised objection to its claim and a "clever ploy" to get around proper noticing requirements.

**Discussion**

The Bankruptcy Rules of Civil Procedure and this Court's Local Rules set forth time limits for motions, hearings and responses. These federal and local rules are the result of months, if not years, of significant work and analysis by some of the country's and this state's most experienced lawyers and judges, drawing on their years of practice, court decisions, and due process. The Court understands that business vicissitudes in bankruptcy may require deviation from these time frames, and has some flexibility and discretion to adapt to exigent circumstances. However, deviation from the time frames set forth in these rules should be done sparingly. The

drafters of the federal and local rules have distinguished between types of hearings, and allow variations in the time period accordingly.

A court may conduct a preliminary hearing on a motion for use of cash collateral within 14 days of the motion being filed, although a final hearing should be set at least 14 days after the motion is filed. *See* Bankruptcy Rule 4001(b)(2). The Debtor's two requests for expedited hearings on cash collateral were authorized under this Rule. The Debtor filed a motion for approval of a Debtor in Possession ("DIP") loan concurrently with a motion for use of cash collateral. The DIP loan motion was closely related to the cash collateral motions, and so those matters were considered together.

In other types of hearings, Bankruptcy Rule 9006(d) gives the Court discretion to shorten time, but an order shortening time should be based on "cause shown" by the applicant. The Tenth Circuit Court of Appeals has instructed bankruptcy courts to "review ex parte motions to reduce the notice period carefully to be certain that there is, indeed, good cause for the handicap to the respondents and to the court's information-gathering capacity that is likely to result." *In re Gledhill*, 76 F.3d 1070, 1084 (10th Cir. 1996) (quoting *In re Hester*, 899 F.2d 361, 364 n.3 (5th Cir. 1990)).

The Court finds helpful the list of factors set forth by Judge Leif Clark in *In re Villareal*, that a court should consider when deciding whether or not to shorten time:

> Firstly, if an expedited hearing is sought, it must appear clearly from the pleadings not only that there is an emergency but also that it is not an emergency of the movant's own making. Secondly, there must be a separate motion to expedite to accompany the underlying motion sought to be expedited. Thirdly, the motion to expedite should address the question of prejudice to other parties otherwise

> entitled to notice. The principle victim whenever the court grants an expedited hearing is the due process rights of affected creditors and parties in interest. And fourthly, motions to expedite should be used sparingly, rather than as a matter of course.

*In re Villareal*, 160 B.R. 786, 787-88 (Bankr. W.D. Tex. 1993) (internal citations omitted). The Court adopts these factors for considering this and other motions to expedite or shorten time for hearings.

In this case, the Debtor's "cause" is that it wants its Motion heard before the Court conducts the final hearing on the creditor's Motion for Relief from Stay. That is not a legally sufficient reason to shorten time.

The Debtor did follow the procedural rule by filing a separate motion to shorten, so that factor was met.

However, an important issue in this matter is the question of prejudice to the other party in this matter, the creditor, GVS Holdings. Prejudice to the other parties involved could come in different forms. A party may be prejudiced by not having enough time to prepare for an unexpected hearing. Prejudice may also result if, as in this case, an expedited hearing may affect a party's redress in a hearing scheduled in due course. The Court finds that GVS would be prejudiced by granting a motion to shorten time on this matter. Accordingly, this factor was not met.

The Debtor has made six motions for shortened time or expedited motions in this case. The number of requests to shorten time counts against the Debtor and cuts against meeting the multiple request test.

This Court also notes that another consideration for shortening time is whether or not the Bankruptcy Code, Bankruptcy Rules or Local Rules provide a specific time period for a specific matter. For example, Rule 2002(b) requires that not less than 28 days notice "shall" be given before a hearing on a disclosure statement or confirmation of a plan. Shortening time for those matters would require a strong showing of cause and, most likely, cooperation from all parties involved.

The current motion which the Debtor requests to be heard on shortened time is a motion affecting GVS's claim. Rule 3007(a) requires 30 days notice for an objection to claim. The Debtor filed this matter as a motion, rather than as an objection to claim, but it is analogous to a claim objection. This Court's Local Rules require a party to respond within 14 days after notice is served, which should be not less than 4 days before the hearing date. Local Rule 9006-1(b)(4). Adding those time periods together, not less than 18 days should elapse between the notice and the hearing date.

In the present matter, the Court concludes that the Debtor's reason for seeking to shorten time is insufficient. Further, the Debtor's prior motions seeking shortening of time for hearings have been excessive. While the Bankruptcy Rules allow for preliminary hearings on cash collateral to be expedited, requesting shortened notice on other matters is to be done sparingly, and not as a matter of course.

Although requesting this last hearing was not done in bad faith, it does have the trappings of a "clever ploy" to get around proper noticing requirements as argued by GVS. Although this may not be the type of matter that Judge Clark was envisioning in *In re Villereal*, 160 B.R. at

787, when he said that the emergency motivating the shortened notice should not be "an emergency of the movant's own making," this Court believes that clever ploys should be discouraged.

Finally, the Court believes that shortening time, or rather reducing time for a response or requesting a hearing on shortened time, should be justified by the circumstances. For example, a hearing to request authorization to sell property could be heard on shortened time if a buyer is waiting and the only matter delaying the closing is Court approval. Many matters do not prejudice another party if heard on shortened time, such as an individual debtor needing to buy and finance the purchase of a car in a chapter 11 or 13 bankruptcy, or for other consumer transactions. However, when a bankruptcy case involves business debtors and creditors, the time limits in the law and procedural rules are there for good reason, to protect both entities, and as a result, shortening of time must be scrutinized a bit more.

The Motion to Shorten Time should be DENIED. A separate order has been entered.

----------------------------------END OF DOCUMENT-------------------------------------

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** shall be effected on the parties listed below.

CHC Development Co., Inc.
1871 West Canyon View
Saint George, UT 84770

A. H. Coombs, LLC
1871 West Canyon View Drive
Saint George, UT 84770

Geoffrey L. Chesnut
Andres Diaz
Red Rock Legal Services P.L.L.C.
491 N. Bluff Street, Suite 301
St. George, UT 84790

Kenneth L. Cannon
Durham Jones & Pinegar, P.C.
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, Utah 84110-4050

S. James Park
1Law
Labrum Todd Park & Velez, PLLC
1173 South 250 West, Suite 311
St. George, Utah 84770

John T. Morgan tr
US Trustees Office
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, UT 84111